IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LYSETTE REYES-BERRIOS

Plaintiff,

v.

MARIA CONTE-MILLER,
PERSONALLY AND AS DIRECTOR OF
THE FORENSIC SCIENCES INSTITUTE,
*et al.*

Defendants.

**Civil No. 10-1408 (SEC)**

**OPINION & ORDER**

Before the Court are the above-captioned defendants' ("Defendants") motion to dismiss (Docket No. 31) and plaintiff Lysette Reyes-Berrios' opposition thereto (Docekt No. 36). After considering the motions and the applicable law, Defendants' motion is **GRANTED**.

**Factual and Procedural Background**

Reyes-Berrios, a Forensic Pathology Technician at the Institute of Forensic Science of Puerto Rico ("IFS"), filed this suit under the First, Fifth and Fourteenth Amendments of the United States' Constitution; the Americans with Disabilities Act ("ADA"); and the Commonwealth of Puerto Rico's Constitution and laws. Docket No. 41.[1] Defendants are the Commonwealth of Puerto Rico, the IFS, and a group of IFS managerial employees (sued in both their official and individual capacities) with supervisory responsibilities over Reyes-Berrios. Id. In essence, Reyes-Berrios' 26-page complaint alleges that Defendants failed to provide her with reasonable accommodations in connection with a depression produced by some of her job's responsibilities; that Defendants initiated a disciplinary process and threatened to fire Reyes-Berrios after she denounced her discontent with matters at the IFS in legislative,

---

[1] All references to Reyes-Berrios' complaint in this opinion relate to her Second Amended Complaint. Id.

**Case No. 10-1408(SEC)**                                                                                           2

administrative, and state court proceedings; and that the administrative proceeding Reyes-Berrios initiated to challenge Defendants' actions was fraught with irregularities and due process violations. Id. Defendants moved to dismiss Reyes-Berrios' complaint, claiming Eleventh Amendment immunity and arguing that her complaint is devoid of factual allegations to support any valid cause of action. Docket No. 31. Reyes-Berrios demurred, arguing that her complaint is legally sufficient to withstand dismissal. Docket No. 36.

**Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).[2] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all "well-pleaded facts [and indulge] all reasonable inferences" in the plaintiffs' favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. Nevertheless, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d

---

[2] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

**Case No. 10-1408(SEC)**                                                                                                           **3**

29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 550 U.S. at 559). Although complaints do not need detailed factual allegations, the plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Twombly, 550 U.S. at 556.

In Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court upheld *Twombly* and clarified that two underlying principles must guide a court's assessment of the adequacy of pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129 S. Ct. at 1949-50. First, the court must identify any conclusory allegations in the complaint as such allegations are not entitled to an assumption of truth. Id. at 1949. Specifically, the court is not obligated to accept legal conclusions set forth as factual allegations in the complaint. Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Second, a complaint survives only if it states a plausible claim for relief. Id. (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Id. A claim has facial plausibility when the pleaded facts allow the court to reasonably infer that the defendant is liable for the specific misconduct alleged. Id. at 1949, 1952. Such inferences must amount to more than a sheer possibility and be as plausible as any obvious alternative explanation. Id. at

**Case No. 10-1408(SEC)**                                                                                                           4

1949, 1951. Plausibility is a context-specific determination that requires the court to draw on its judicial experience and common sense. Id. at 1950.

In sum, a plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citing Twombly, 550 U.S. at 555). "[F]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008).

**Applicable Law and Analysis**

*I. Eleventh Amendment Immunity*

The Eleventh Amendment to the United States Constitution provides:

> [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Am. XI. Although the Eleventh Amendment literally seems to apply only to suits against a State by citizens of another State, the Supreme Court has consistently extended the scope of this Amendment to suits by citizens against their own state. See Board of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 362-63 (2001); see also Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72-73 (2000); Hans v. Louisiana, 134 U.S. 1, 15 (1890).The Commonwealth of Puerto Rico enjoys the protection of the Eleventh Amendment. See e.g., Jusino-Mercado v. Commonwealth of Puerto Rico, 214 F.3d 34, 37 (1st Cir. 2000).

The Eleventh Amendment protection primarily furthers two goals: the protection of a state's treasury, and the protection of its dignitary interest against being haled into federal court. Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. & the Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir. 2003) (citing Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743 (2002)). Accordingly, the Eleventh Amendment protects governmental instrumentalities, which are an arm or "alter ego" of the State, see e.g., Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of P.R., 818 F.2d. 1034, 1036 (1st Cir. 1987), as well as state

**Case No. 10-1408(SEC)**                                                                 5

officials in their official capacity. The rationale behind these protections is that a claim for monetary relief against an arm of a state or a state official in his or her official capacity is an action for the recovery of money from a state. Ford Motor v. Dept. of Treasury, 323 U.S. 459 (1945) (overruled on other grounds).

Considering the above, co-defendant the Commonwealth of Puerto Rico is entitled to Eleventh Amendment immunity. For the same reasons, the IFS, as an arm of the Commonwealth, and the IFS managerial employees sued in their official capacities are also entitled to Eleventh Amendment immunity. Accordingly, Reyes-Berrios' claims against the Commonwealth of Puerto Rico, the IFS, and the IFS managerial employees sued in their official capacities are **DISMISSED with prejudice.**

*II. Claims under the Federal Constitution*

The Court's analysis here begins with 42 U.S.C. § 1983, which is the statutory predicate for vindicating federal rights elsewhere conferred. See Graham v. Connor, 490 U.S. 386, 393-94 (1989). To prove liability under § 1983, a "plaintiff[] must show by a preponderance of the evidence that (1) the challenged conduct was attributable to a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States." Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 151-52 (1st Cir. 2006). In any event, under § 1983, government officials may only "be held liable if the plaintiff can establish that her constitutional injury resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization." Rodriguez-Garcia v. Municipality of Caguas, 495 F.3d 1, 10 (1st Cir. 2007) (internal quotation marks omitted). The plaintiff suit must therefore link each individual defendant to the alleged violation of federal rights. Gonzalez-Piña v. Rodriguez, 407 F.3d 425, 432 (1st Cir. 2005). Each defendant responds for his own acts or omissions in light of his duties; that is, there is no liability on the basis of *respondeat superior*. Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91-92 (1st Cir. 1994); Rizzo v. Goode, 423 U.S. 362, 375-77 (1976). Furthermore, a defendant's conduct must be

**Case No. 10-1408(SEC)** 6

shown to be intentional, grossly negligent, or with reckless or callous indifference to the plaintiff's constitutional rights. See Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989); Simmons v. Dickhaut, 804 F.2d 182, 185 (1st. Cir. 1986).

### *A. First Amendment/Retaliation*

In this case, Reyes-Berrios' complaint properly alleges that Defendants' actions were taken under color of state law, and Defendants do not dispute this. Reyes-Berrios' complaint, however, fails to satisfy the second prong of § 1983, as, even under the most favorable reading possible, it fails to establish that Defendants' actions impinged on her First Amendment rights.

It is well-settled that "a state cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression." Connick v. Myers, 461 U.S. 138, 142 (1983). The First Amendment therefore proscribes states from retaliating against employees who exercise their freedom of speech. Rosado-Quiñonez v. Toledo, 528 F.3d 1, 5-6 (1st Cir. 2008). To determine whether a plaintiff has a colorable First Amendment claim for retaliation, a court in this circuit must follow a three-pronged analysis:

> First, the court must determine whether [the plaintiff] made her statements as a citizen upon matters of public concern. *If the speech involved matters not of public concern, but instead ... of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.* Second, the court must weigh the strength of the employee's and the public's First Amendment interests against the government's interest in the efficient performance of the workplace. Third, if the employee's and the public's First Amendment interests outweigh a legitimate governmental interest in curbing the employee's speech, [the plaintiff] must show that the protected expression was a substantial or motivating factor in an adverse employment action.

Tang v. State of R.I., Dept. of Elderly Affairs, 163 F.3d 7, 12 (1st Cir. 2005) (internal quotations and citations omitted) (emphasis added).

In this case, Reyes-Berrios' complaint fails to satisfy the first prong of the

**Case No. 10-1408(SEC)**                                                                                                   7

aforementioned analysis. Her First Amendment claim is premised in part on statements she allegedly made during hearings at the Puerto Rico Legislative Assembly. Docket No. 41, ¶¶ 21-22 and 78. According to her complaint, Reyes-Berrios' participation in these hearings was motivated by "concerns with her health, and with her working conditions and the working conditions of other forensic pathology assistants and technicians at the IFS...." Id. at ¶ 21. At these hearings, Reyes-Berrios "expressed her views, made claims, and requested remedies regarding her working conditions, the working conditions of other workers at the IFS, and regarding her requests for reasonable accommodation." Id. at ¶ 22. Reyes-Berrios' First Amendment claim is also premised on similar allegations made during administrative hearings and state court proceedings initiated as part of her discontent with Defendants. Id. at ¶¶ 23 & 78.

These types of expressions, involving matters of personal rather than public interest, are unprotected by the First Amendment. See Tang, 163 F.3d 12 (holding that complaints about working conditions are not matters of public concern involving First Amendment protection); Rosado-Quiñonez, 528 F.3d 5-6 (holding that labor harassment claims did not constitute matters of public interest for First Amendment purposes); Mulero-Abreu v. Oquendo-Rivera, 729 F.Supp.2d 498, 516 (D.P.R. 2010) (denying First Amendment protection to letter and verbal complaints regarding working conditions, as they were "classic examples of speech concerning internal working conditions affecting only the speaker and co-workers."). Moreover, Reyes-Berrios' complaint fails to state how her appearance at the legislative hearings as well as the other administrative and state court proceedings advanced the public interest or the internal workings of the IFS. Her opposition to Defendants' motion to dismiss is also silent on this regard. For these reasons, Reyes-Berrios' First Amendment/retaliation claim is **DISMISSED**

**Case No. 10-1408(SEC)**                                                                                                          8

**with prejudice**.[3]

*B. Fourteenth Amendment and Due Process*

The Fourteenth Amendment of the U.S. Constitution protects against deprivation of life, liberty, or property without due process of law "and guards against any encroachment on those rights by federal or state authority." Kwong Hai Chew v. Colding, 344 U.S. 590, 596-597, n.5 (1953). These protections extend to the Commonwealth of Puerto Rico. Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 669, n. 5 (1974). The Fourteenth Amendment due process guarantee has both procedural and substantive aspects. Amsden v. Moran, 904 F.2d 748, 753 (1st Cir. 1990). In this case, even though Reyes-Berrios' complaint fails to explicitly state so, her allegations appear to claim due process procedural violations; thus, the following discussion is limited to that aspect of due process.[4]

In order "to establish a procedural due process claim under § 1983, a plaintiff must allege that he was deprived of a property interest by defendants acting under color of state law and without the availability of a constitutionally adequate process." Maymi v. Puerto Rico Ports Authority, 515 F.3d 20, 29 (1st Cir. 2008). "Property interests are not created by the

---

[3] The Court also notes that Reyes-Berrios' complaint fails to establish facts regarding the third prong of the Tang analysis —e.g., that the protected expression was a substantial or motivating factor in an adverse employment action. Although Reyes-Berrios' complaint advances many conclusory allegations as to Defendants' alleged discriminatory acts, it fails to show (with proper factual averments) that her expressions prompted Defendants' conduct toward her. The Court, however, need not elaborate this analysis further given Reyes-Berrios' failure to meet the first prong of Tang.

[4] Reyes-Berrios' complaint contains no allegations that could sustain a substantive due process claim. A "claim is cognizable as a violation of substantive due process only when it is so extreme and egregious as to shock the contemporary conscience." McConkie v. Nichols, 446 F.3d 258, 260 (1st Cir. 2006); see also Bibiloni Del Valle v. Puerto Rico, 661 F.Supp.2d 155, 185 (D.P.R. 2009) ("The very nature of this constitutional protection has caused that substantive due process protection be used sparingly."). There are no allegations in Reyes-Berrios' complaint amounting to the extreme level of conduct required for a substantive due process claim to lie.

**Case No. 10-1408(SEC)**                                                                                            9

Constitution; 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" Rosado De Velez v. Zayas, 328 F. Supp. 2d 202, 211 (D.P.R. 2004) (citing Bd. of Regents of States Colleges v. Roth, 408 U.S. 564, 577 (1972).

Under Puerto Rico law, employees classified as "career" or permanent" have vested property rights, and cannot be deprived of these rights without due process of law. Febus-Rodriguez, 660 F.Supp.2d 178. "At a minimum, career employees are entitled to notice and a meaningful opportunity to respond prior to termination." Id.; see also Monfort-Rodriguez, 599 F. Supp. 2d at 168. Before termination, due process requires that "[t]he tenured public employee [receives] oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985). Nevertheless, even when these procedures are deficient, a plaintiff's due process procedural claim fails "[i]f a state provides adequate postdeprivation remedies—either by statute or through the common-law tort remedies available in its courts...." Cronin v. Town of Amesbury, 81 F.3d 257, 260 (1st Cir. 1996); see also Hudson v. Palmer, 468 U.S. 517, 533 (1984). In fact, "[w]hen a deprivation of a property interest is occasioned by a random and unauthorized conduct of state officials, the Supreme Court has repeatedly emphasized that the due process inquiry is limited to the issue of the adequacy of post-deprivation remedies provided by the state." Hadfield v. McDonough, 407 F.3d 11, 19-21 (1st Cir. 2005).[5]

---

[5] "[A] government official has committed a random and unauthorized act when he or she misapplies state law to deny an individual the process due under a correct application of state law." Id.

**Case No. 10-1408(SEC)** 10

In this case, the IFS never fired Reyes-Berrios; she currently holds her regular position of Forensic Pathology Technician with the IFS. Docket No. 41, ¶ 4. Therefore, even though she appears unhappy and complains about being assigned "to work mainly in simple autopsy cases despite her experience and availability to work" (Docket No. 41, ¶ 75), Reyes-Berrios cannot validly claim a deprivation of a proprietary interest. See De Velez v. Zayas, 328 F. Supp. 2d 202, 212 (D.P.R. 2004) ("under Puerto Rico law, public employees have a property interest in their continued employment, not in the functions they perform.") (internal citations omitted).

Reyes-Berrios' complaint mentions in passing that Defendants suspended her without pay for 30 days in December 2009. Under some circumstances, courts have considered suspensions without pay to be a deprivation of a proprietary interest, but the adequacy of post-deprivation procedures remains as the dispositive inquiry in these cases. See e.g., Gilbert v. Homar, 520 U.S. 924, 932 (1997). Here, Reyes-Berrios' complaint fails to state whether she contested the 30-day suspension or whether pre and post-deprivation procedures in connection with her suspension were inadequate.[6] Without these allegations, Reyes-Berrios' complaint falls far short of alleging a violation of due process procedural rights. For these reasons, Reyes-Berrios' due process claim is **DISMISSED with prejudice**.

*C. Fifth Amendment*

The Fifth Amendment provides that "[n]o person shall... be deprived of life, liberty, or property, without due process of law..." U.S. Const. amend. V; see also Gerena v. Puerto Rico Legal Services, Inc., 697 F. 2d 447, 449 (1st Cir. 1983). This amendment applies to actions of the federal government, not those of private individuals, or of state, local or municipal governments. Id. at 449; see also Martinez-Rivera v. Sanchez-Ramos, 498 F. 3d 3, 8 (1st Cir.

---

[6] Reyes-Berrios' complaint states that she initiated an administrative proceeding in response to Defendants' notice of a possible termination (Docket No. 41, ¶¶ 64-74), but it is silent as to how she addressed her suspension.

**Case No. 10-1408(SEC)**                                                                                                       **11**

2007) (affirming dismissal of Plaintiffs' claims under the Fifth Amendment because defendants were state actors and not federal actors). None of Defendants in this case are federal actors; accordingly, Reyes-Berrios' claims pursuant to the Fifth Amendment are **DISMISSED with prejudice**.

   *III. Claims under Federal Statutes*

      *A. ADA*

The ADA prohibits employers to discriminate "against an otherwise qualified individual based on his or her disability." Calero-Cerezo v. United States Department of Justice, 355 F. 3d 6, 19 (1st Cir. 2004). That is, under the ADA an employer may not discriminate against a qualified individual "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." Sullivan v. Neiman, 358 F. 3d 110, 114 (1st Cir. 2004). The ADA also imposes on employers an affirmative duty to offer reasonable accommodation to an otherwise qualified disabled employee. Calero, 355 F. 3d 20. Accordingly, "[a] determination of who is the employer and who is the employee, for discrimination pruposes, is crucial when determining personal liability" under the ADA. Lopez-Mulero, 490 F.Supp.2d 214, 219 (D.P.R. 2007). In this case, since the Commonwealth through the IFS is Reyes-Berrios' employer, the ADA cannot apply to the IFS managerial employees sued in their individual capacities. See Id. at 220. In fact, Reyes-Berrios' motion in opposition to dismissal concedes as much, stating that "[a]s far as the A.D.A. is concerned the Plaintiff does acknowledge that there is no individual liability against the individual personal Defendants under the statute. The party liable is the employer." Docket No. 36, p. 11. For these reasons, Reyes-Berrios' ADA claims are **DISMISSED with prejudice**.

**Case No. 10-1408(SEC)**                                                                 **12**

*IV. Claims under State Law*

Having dismissed Reyes-Berrios' federal law claims against Defendants, her state law claims are **DISMISSED without prejudice.** See <u>Newman v. Burgin</u>, 930 F.2d 955, 963 (1st Cir. 1991) (holding that "[t]he power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit.").

**Conclusion**

Based on the foregoing, Defendants' motion to dismiss is **GRANTED** and the case is **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th of March, 2011.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge